**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 25, 2011

No. 10-50582
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO CLAVELL, also known as Alberto Clavencio,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1133-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alberto Clavell appeals the sentence imposed following his guilty-plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. Clavell contends that his sentence is substantively unreasonable because it was greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a). To support his argument, he relies on the lack of an empirical basis to support the illegal reentry Guideline, the double-counting of prior convictions by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50582

Guidelines, and the alleged failure of the sentence to take account of his history and characteristics.

We review the substantive reasonableness of Clavell's sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As Clavell raises his empirical basis argument for the first time on appeal, however, we review that argument for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

As Clavell concedes, his empirical basis and double counting arguments are foreclosed by our precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008); *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). Moreover, his disagreement with the district court's balancing of the § 3553(a) factors does not suffice to show error in connection with his sentence. *See Gomez-Herrera*, 523 F.3d at 565-66. He has not shown that his sentence is unreasonable, and he has not shown that the presumption of reasonableness should not be applied to his within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). The judgment of the district court is AFFIRMED.